IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | 1:14cr2 |
| | ) | **Electronic Filing** |
| **KENNETH HUGH HAWKINS** | ) | |

## MEMORANDUM ORDER

AND NOW, this 18th day of September, 2014, for the reasons set forth on the record at the hearing on September 16, 2014, as augmented herein, the court finds that at all relevant times the vehicle remained in its location as a result of a lawful traffic stop supported by probable cause to issue a citation to defendant for driving with a suspended operator's license in violation of Pennsylvania's Motor Vehicle Code; defendant left the door to the Jeep he was driving open when he was ordered to exit the vehicle; Officer Stevens was in the street where he was entitled to be when he approached the opened door and shined his light into the vehicle, all of which occurred prior to Officer Stevens entering the vehicle to commence an inventory search; and Officer Stevens observed the gun while he was between one to two feet outside the vehicle and before he entered it, thereby making the discovery of the gun consistent with the plain view doctrine. Thus, the officers were entitled to seize the gun notwithstanding whether the anticipated impoundment was authorized under state or local law. Accordingly, IT IS ORDERED that [29] defendant's Motion to Suppress be, and the same hereby is, denied.

                                                                    s/David Stewart Cercone
                                                                    David Stewart Cercone
                                                                    United States District Judge

cc:    Marshall Piccinini, AUSA
        Thomas W. Patton, AFPD
        United States Marshal

(*Via CM/ECF Electronic Mail*)